UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| STATE OF LOUISIANA, By and Through its DIVISION OF ADMINISTRATION, EAST BATON ROUGE PARISH LAW ENFORCEMENT DISTRICT, By and Through the Duly Elected EAST BATON ROUGE PARISH SHERIFF, SID J. GAUTREAUX, III, ET AL., Individually and as Class Representatives. | * * * * * * * * | NO.:<br><br>JUDGE |
| Plaintiff, | * * | MAGISTRATE |
| VERSUS | * * | |
| i3-SOFTWARE & SERVICES, LLC; 1120 SOUTH POINTE PROPERTIES, LLC, formerly known as SOFTWARE AND SERVICES OF LOUISIANA, LLC, i3 VERTICALS, INC., i3 VERTICALS, LLC; GREGORY R. TEETERS, and SCOTT CARRINGTON | * * * * * * * * | |
| Defendants. | * * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

Defendants i3-Software & Services, LLC, 1120 South Pointe Properties, LLC, i3 Verticals, Inc., i3-Verticals, LLC, Gregory Teeters, and Scott Carrington remove to this Court the state court class action described below.  The action is removable pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d) for the following reasons: (a) there are more than 100 members in the putative class, (b) at least one plaintiff is diverse from at least one defendant so there is minimal diversity of citizenship, and (c) the amount in controversy exceeds $5,000,000.  And, because CAFA applies, the entire action is removable.  *Watson v. City of Allen*, 821 F.3d 634, 638 (5th Cir. 2016).

## BACKGROUND

1.     On October 4, 2021, defendants received a First Amended Petition for Damages and Class Action Petition in the Nineteenth District Court for the Parish of East Baton Rouge, State of Louisiana, entitled *State of Louisiana, by and through its Division of Administration, and East Baton Rouge Parish Law Enforcement District, by and through the duly elected Sheriff, Sid. J. Gautreaux, III, individually and as class representatives vs. i3-Software & Services, LLC; 1120 South Pointe Properties, LLC, formerly known as Software and Services of Louisiana, L.L.C.; i3 Verticals, Inc.; i3-Verticals, LLC; Gregory R. Teeters; and Scott Carrington*, No. 708254.

2.     The named plaintiffs are:

(a)     Sid J. Gautreaux, III in his official capacity as Sheriff of East Baton Rouge Parish.  Amended Petition ¶ 1;

(b)     East Baton Rouge Parish Law Enforcement District, by and through the duly elected East Baton Rouge Parish Sheriff, Sid J. Gautreaux, III, appearing as its *ex officio* chief executive officer and in his official capacity as Sheriff.  Amended Petition ¶ 2;

(c)     Samuel A. Dowies, in his official capacity as Sheriff of Claiborne Parish. Amended Petition ¶ 3;

(d)     Claiborne Parish Law Enforcement District, by and through the duly elected Claiborne Parish Sheriff, Samuel A. Dowies, appearing as its *ex officio* chief executive officer and in his official capacity as Sheriff. Amended Petition ¶ 4;

(e)     Mark Wood, in his official capacity as Sheriff of Rapides Parish. Amended Petition ¶ 5;

(f)     Rapides Parish Law Enforcement District, by and through the duly elected Rapides Parish Sheriff, Mark Wood, appearing as its *ex officio* chief executive officer and in his official capacity as Sheriff.  Amended Petition ¶ 6;

(g)     Jeff Travis, in his official capacity as Sheriff of East Feliciana Parish. Amended Petition ¶ 7;

(h)     East Feliciana Parish Law Enforcement District, by and through the duly elected East Feliciana Parish Sheriff, Jeff Travis, appearing as its *ex officio* chief executive officer and in his official capacity as Sheriff.  Amended Petition ¶ 8;

(i)     Brian Spillman, in his official capacity as Sheriff of West Feliciana Parish. Amended Petition ¶ 9;

(j)     West Feliciana Parish Law Enforcement District, by and through the duly elected West Feliciana Parish Sheriff, Brian Spillman, appearing as its *ex officio* chief executive officer and in his official capacity as Sheriff. Amended Petition ¶ 10;

(k)     Steven McCain, in his official capacity as Sheriff of Grant Parish. Amended Petition ¶ 11;

(l)     Grant Parish Law Enforcement District, by and through the duly elected Grant Parish Sheriff, Steven McCain, appearing as its *ex officio* chief executive officer and in his official capacity as Sheriff.  Amended Petition ¶ 12;

(m)     K.P. Gibson, in his official capacity as Sheriff of Acadia Parish.  Amended Petition ¶ 13;

(n)     Acadia Parish Law Enforcement District, by and through the duly elected Acadia Parish Sheriff, K. P. Gibson, appearing as its *ex officio* chief executive officer and in his official capacity as Sheriff.  Amended Petition ¶ 14;

(o)     Daniel Edwards, in his official capacity as Sheriff of Tangipahoa Parish. Amended Petition ¶ 15;

(p)     Tangipahoa Parish Law Enforcement District, by and through the duly elected Tangipahoa Sheriff, Daniel Edwards, appearing as its *ex officio* chief executive officer and in his official capacity as Sheriff.  Amended Petition ¶ 16;

(q)     Kevin Cobb, in his official capacity as Sheriff of Franklin Parish. Amended Petition ¶ 17;

(r)     Franklin Parish Law Enforcement District, by and through the duly elected Franklin Parish Sheriff, Kevin Cobb, appearing as its *ex officio* chief executive officer and in his official capacity as Sheriff.  Amended Petition ¶ 18;

(s)     Bobby Webre, in his official capacity as Sheriff of Ascension Parish. Amended Petition ¶ 19;

(t) Ascension Parish Law Enforcement District, by and through the duly elected Ascension Parish Sheriff, Bobby Webre, appearing as its *ex officio* chief executive officer and in his official capacity as Sheriff.  Amended Petition ¶ 20; and[1]

(u) The State of Louisiana Division of Administration ("DOA").

3. The twenty named plaintiffs, other than the DOA, appear individually and on behalf of "similarly situated" duly elected Sheriffs and Law Enforcement Districts throughout the state (hereinafter sometimes referred to collectively as "Sheriffs").

4. The defendants are:

(a) i3 Verticals, Inc. ("i3 Inc."), a Delaware corporation with its principal place of business in Tennessee.  Amended Petition ¶ 24.

(b) i3 Verticals, LLC ("i3 LLC") a Delaware limited liability company with its principal place of business in Tennessee.[2]   Amended Petition ¶ 25.

(c) i3-Software & Services, LLC ("Software & Services"), a Delaware limited liability company with its principal place of business in Louisiana. Amended Petition ¶ 26.

(d) 1120 South Pointe Properties, LLC ("1120 South Pointe"), a Louisiana limited liability company with its principal place of business in Louisiana. Amended Petition ¶ 27.

(e) Gregory Teeters, a Louisiana citizen.  Amended Petition ¶ 28.

(f) Scott Carrington, a Louisiana citizen.  Amended Petition ¶ 29.

5. Plaintiffs allege that i3 Verticals, Inc., i3 Verticals, LLC and all the other defendants are liable together, directly and under alter ego theory, for failing to provide adequate

---

[1] Even if considered "political subdivisions" of the State of Louisiana, the sheriffs are Louisiana citizens.  *See Thinkstream, Inc. v. Anderson*, No. 06-834-A, 2007 WL 9702691, at *2 (M.D. La. Mar. 27, 2007) (Parker, J.) ("It is well settled that for purposes of diversity of citizenship, political subdivisions are citizens of their respective states." (quoting *Moor v. Alameda County*, 411 U.S. 693, 718 (1973))).

[2] Under CAFA, an unincorporated association is deemed a citizen of the state where it has its principal place of business and the state under whose law it is organized.  28 U.S.C. § 1332(d)(10).

technology services.  Plaintiffs allege that prior to the end of 2018, those services were provided by a company called Software and Services of Louisiana, L.L.C., which was then owned by Teeters.  Plaintiffs allege that the defendants "provided services and/or software to hundreds of Louisiana governmental entities, including at least 122 of the State of Louisiana's combined 128 sheriffs and law enforcement districts."  Amended Petition ¶ 56.

6.      In late 2018, Teeters sold the assets of Software and Services of Louisiana, L.L.C. to i3-Software & Services, LLC.[3]  That company is owned by i3 Verticals, LLC, which in turn is owned primarily by i3 Verticals, Inc.  From and after the closing of the sale transaction, i3-Software & Services, LLC performed the same services to the same customers as the pre-sale entity.  Amended Petition ¶¶ 10–13.  Plaintiffs have alleged that all the i3 entities operate as a single business enterprise and are liable for all acts of negligence, misrepresentation, breach of fiduciary duty and unfair trade practices under the alter ego theory.  Amended Petition ¶¶ 26, 70.

7.      Plaintiffs allege that the services provided were not as good as advertised, especially regarding cybersecurity, which created vulnerabilities in the computer networks and exposed them to exploitation by bad actors, including at least one client's information being posted for sale on the dark web.  Amended Petition ¶¶ 18; 50.  More specifically, plaintiffs allege that i3 Verticals, Inc., i3 Verticals, LLC and the other defendants had servers compromised by malware while possessing and accessing plaintiffs' information from those servers, which in turn compromised plaintiffs' networks with malware.  Amended Petition ¶¶ 81-82.  Plaintiffs further alleged that they "received the same cybersecurity services from all Defendants.  Defendants

---

[3]      Teeters sold all the assets and left the technology business within 18 months following the sale. Instead of dissolving the Software and Services, LLC, he renamed it 1120 South Pointe Properties, LLC.  That company did no technology business with the Sheriffs or anyone else after the sale.

rendered these services to all class members via the same set of servers (operated by the Defendants), servers which became compromised and themselves a conduit for malware, threats, and vulnerabilities to all class members." Amended Petition ¶ 126. Plaintiffs contend that i3 Verticals, Inc. and/or i3 Verticals, LLC knew about those cyber risks, failed to warn the users and provided, and directed others to provide, misleading information. Amended Petition ¶¶ 22, 55, 73-74.

8.    The plaintiffs claim to have suffered "damages, including but not limited to remediation expenses, and may incur notification expenses; and each has incurred these damages as a result of the same conduct, patterns, and practice of Defendants." Amended Petition ¶ 122. They allege that the Division paid $15 million and the Sheriffs $7 million to remediate the risk and damage. Amended Petition ¶¶ 67–68.

9.    The Sheriffs contend that they are entitled to recover damage for negligence, misrepresentation, breach of fiduciary duty, redhibition, unfair trade practices violations, and unjust enrichment causes of action.

10.    The Sheriffs seek to represent a class "numbering in excess of 100 sheriffs and law enforcement districts in the State of Louisiana." Amended Petition ¶ 123; *see also* Amended Petition ¶ 122 ("In excess of 50 sheriffs and an equal number of law enforcement districts have incurred damages.").

11.    Plaintiffs' petition is removable to this Court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, 28 U.S.C. § 1441 (a) and (b), and 28 U.S.C. § 1453, because this is a putative class action with more than 100 putative class members who are seeking to recover in excess of $5,000,000, and there is minimal diversity.

**This Removal is Timely**

12.     This removal is timely under 28 U.S.C. § 1446(b)(3) because it is removed within 30 days of defendants' October 4, 2021 receipt of the First Amended Petition for Damages and Class Action Petition.  The Amended Petition is the first pleading that met the jurisdictional requirements of 28 U.S.C. § 1332 because the original, earlier filed petition alleged a class of only 65 class members, was not filed on behalf of any law enforcement districts, and did not allege seven million dollars in monetary damages on behalf of the Sheriffs.

**This Court Has Jurisdiction Over This Action Under CAFA**

13.     CAFA reflects Congress's intent to have federal courts adjudicate substantial class action suits brought against out-of-state defendants.  To that end, CAFA expressly provides that class actions filed in state court are removable to federal court.  CAFA expands federal jurisdiction over class actions by amending 28 U.S.C. § 1332 to grant original jurisdiction for a putative class containing at least 100 members; where any member of the putative class is a citizen of a state different from that of any defendant; and the amount in controversy exceeds $5,000,000 in the aggregate for the entire class, exclusive of interest and costs.  28 U.S.C. § 1332(d).

14.     This suit satisfies all the requirements under CAFA for federal jurisdiction. Based on the allegations in the plaintiffs' Amended Petition: (1) the putative class exceeds 100; (2) some of the members of the proposed class have a different citizenship from some defendants; and (3) the amount in controversy exceeds $5,000,000.  28 U.S.C. § 1332(d).

**I.      The Putative Class Size Exceeds 100.**

15.     CAFA requires that the class consist of at least 100 persons.  28 U.S.C. § 1332(d)(5).  Here, plaintiffs have specifically alleged the class numbers in "excess of 100

sheriffs and law enforcement districts in the State of Louisiana."  Amended Petition ¶ 123; *see also* Amended Petition ¶¶ 56, 122.

## II.    There Is Minimal Diversity Here Because At Least One Putative Class Member Is A Citizen Of Louisiana.

16.    The second CAFA requirement is minimal diversity—at least one putative class member must be a citizen of a different state than at least one defendant.  28 U.S.C. § 1332(d)(2).

17.    Here, the putative class is comprised solely of citizens of the State of Louisiana. Amended Petition ¶¶ Introduction–20.  As such, it is clear that at least one putative class member is a citizen of Louisiana.

18.    i3 Verticals, Inc. is incorporated under Delaware law with its principal place of business in Tennessee.  Amended Petition ¶ 24.  i3 Verticals, LLC is organized under Delaware law with its principal place of business in Tennessee.  Accordingly, both i3 Verticals, Inc. and i3 Verticals, LLC are citizens of Delaware and Tennessee for diversity purposes pursuant to 28 U.S.C. § 1332(d)(10).  Thus, a member of the plaintiff class is geographically diverse from a defendant as required for jurisdiction under CAFA.

19.    Minimal diversity exists here and this prerequisite of CAFA is met.  28 U.S.C. § 1332(d)(2).

## III.    The Amount In Controversy Exceeds $5,000,000.

### A.    Plaintiffs' Amended Petition Demonstrates That The $5,000,000 CAFA Amount In Controversy Requirement Is Met.

20.    CAFA also requires that the aggregate amount in controversy exceed $5,000,000 for the entire putative class in the aggregate, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2).  Here, based on plaintiffs' allegations and theories (which defendants dispute, but

which control for removal purposes), the $5,000,000 CAFA amount in controversy requirement is easily satisfied.

21.     The Sheriffs allege that they have "incurred more than $7,000,000.00 in separate network remediation expenses . . . resulting from Defendants' misconduct."  Amended Petition ¶ 113.

22.     CAFA requires that all putative class members claims be aggregated.  28 U.S.C. § 1332 (d)(6).

23.     23. CAFA's requirements are satisfied and federal jurisdiction exists.

**B.     Venue And Procedural Requirements Are Met.**

24.     The 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana is located within the United States District Court for the Middle District of Louisiana.  Therefore, removal to this Court satisfies the venue requirements of 28 U.S.C. § 1446(a).

25.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the citation and petition, as well other process, pleadings, motions, and orders served on defendants in the state court action or otherwise available from the state court's file are attached.

26.     All defendants have joined in this removal.

27.     The written notice required by 28 U.S.C. § 1446(d) will be promptly filed in the 19th Judicial District Court, Parish of Baton Rouge, State of Louisiana and promptly served on plaintiffs.

**WHEREFORE,** Defendants i3-Software & Services, LLC, 1120 South Pointe Properties, LLC, i3 Verticals, Inc., i3-Verticals, LLC, Gregory Teeters, and Scott Carrington respectfully request that this Court assume full jurisdiction over this action.

Respectfully submitted,

/s/John W. Joyce
Judy Y. Barrasso, 2814
John W. Joyce, 27525
Chloé M. Chetta, 37070
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2350
New Orleans, Louisiana 70112
Telephone (504) 589-9700
Facsimile (504) 589-9701
jbarrasso@barrassousdin.com
jjoyce@barrassousdin.com
cchetta@barrassousdin.com
tgamm@barrassousdin.com

*Attorneys for i3-Software & Services, LLC,*
*1120 South Pointe Properties, LLC, i3*
*Verticals, Inc., i3-Verticals, LLC, Gregory*
*Teeters, and Scott Carrington*

{1804774_1}